Sherman SIMON, B.B. Goldstein, William E. Benjamin, II, Arthur W. Engstrom, Jr., Harold G. Kolb, Joseph A. Maroon, James E. Morgan, Jr., Julius J. Shephard, Cromwell A. Anderson, and Joseph W. Armaly, Plaintiffs,

v.

Hugh F. CULVERHOUSE, Jr., Defendant.

No. 85–0517–CIV–NESBITT.

United States District Court, S.D. Florida, S.D.

March 28, 1985.

Lowell Garrett, Robert Brochin, Morgan, Lewis & Bockius, Miami, Fla., for plaintiffs.

Michael R. Josephs, Haddad, Josephs & Jack, Coral Gables, Fla., for defendant.

## ORDER

NESBITT, District Judge.

THIS CASE is before the Court upon the Plaintiffs' Emergency Motion for Preliminary Injunction. The Plaintiffs, shareholders of Florida Commercial Bank (hereinafter "FCB"), allege that the Defendant, Hugh Culverhouse, Sr., violated Section 14(d) and 14(e) of the Williams Act, 15 U.S.C. §§ 78n(d), 78n(e), by making material misrepresentations and omissions in the disclosure statement filed in connection with his tender offer for FCB. The Plaintiffs argue that the 14D–1 Tender Offer Statement failed to disclose certain financial information required by 15 U.S.C. §§ 78n(d), 78n(e); Rule 14d–6(e), 17 C.F.R. § 240.14d–6; and Item 9 of the Securities and Exchange Commission (SEC) Schedule 14d–1.

Prior to the Court granting a preliminary injunction, the Plaintiffs must establish four prerequisites. They must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the Plaintiffs outweighs the harm the injunction would do to the Defendant; and (4) that granting the preliminary injunction will not disserve the public interest. *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir.1974). The Court finds that the Plaintiffs have failed to sustain their burden as to each of these factors.

The first factor is whether the Plaintiffs face a substantial threat of irreparable injury if the injunction is not granted. The Plaintiffs stress that without a preliminary injunction, the tender offer will be consummated and it will be virtually impossible to subsequently undo the transaction. *Sonesta International Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2d Cir. 1973). This fact alone does not amount to a showing of irreparable harm, *Martin Marietta Corp. v. Bendix Corp.*, 547

F.Supp. 533, 539 (D.Md.1982), especially where the tender offer is in compliance with legal requirements and where the injunction could have devastating effects on the success of the offer. *See Edgar v. MITE Corp.*, 457 U.S. 624, 102 S.Ct. 2629, 73 L.Ed.2d 269 (1982) (policy of Williams Act is to protect investors, but to also avoid delays that might harm the success of tender offers).

The Court further finds that the injunction threatens greater harm to the Defendant than not granting the injunction threatens to harm the Plaintiffs. Most importantly, the delay which of necessity accompanies a preliminary injunction ordering further disclosure could cause the Defendant to lose forever his opportunity to acquire the target company. *Martin Marietta Corp. v. Bendix Corp., supra*. (Citing *Pargas, Inc. v. Empire Gas Corp.*, 423 F.Supp. 199, 209 (D.Md.), *aff'd per curiam*, 546 F.2d 25 (4th Cir.1976)).

The Plaintiffs must make a strong showing of likelihood of success on the merits to overcome the balance of hardships weighing in favor of the Defendant. *See Blackwelder Furniture v. Seilig Manufacturing Co.*, 550 F.2d 189, 195–96 (4th Cir. 1977). The Court finds that the Plaintiffs are unable to satisfy this requirement. The information provided to FCB's shareholders in the tender offer statement is sufficient to allow them to intelligently decide whether to tender or retain their stock. As well, the Federal Reserve Board has approved the Defendant as regards his finances and his ability to complete his tender offer. Finally, Item 9 of the SEC's Schedule 14D–1 provides that "where the bidder is *other than a natural person* and the bidder's financial condition is material to a decision by a security holder of the subject company whether to sell, tender or hold securities being sought in the tender offer current, adequate financial information concerning the bidder [must be supplied]." (Emphasis added.)

In order for the Defendant, a natural person, to be subject to the financial disclo-

sure requirement of Item 9, the Plaintiffs would have to prove that this case involves special circumstances. *See Riggs National Bank of Washington, D.C. v. Allbritton,* 516 F.Supp. 164 (D.D.C.1981). The Plaintiffs have not made a sufficient showing of special circumstances such as was present in *Riggs* or otherwise, so as to warrant further financial disclosure. For all of the above reasons, the Court finds that the Plaintiffs have not met their burden of showing an enhanced likelihood of success on the merits.

The public interest is the final area of inquiry. The operative facts reflect that the Defendant has made an offer to purchase any and all shares tendered by FCB shareholders. The offer also expressly states that if the number of shares tendered exceeds the number which the Federal Reserve Board has approved for purchase, the Defendant will then purchase the tendered shares on a simple pro rata basis. Finally, the Court takes note of the fact that the Defendant's offer constitutes the highest price ever offered for FCB stock, nearly twice its book value as of December 31, 1984.

In short, this tender offer presents the FCB shareholders with an opportunity to increase the value of their holdings. In this setting, the Court is mindful of the concerns expressed by the United States Supreme Court regarding judicial intervention hindering the potential success of tender offers:

> Shareholders are deprived of the opportunity to sell their shares at a premium. The reallocation of economic resources to their highest valued use, a process which can improve efficiency and competition, is hindered. The incentive the tender offer mechanism provides incumbent management to perform well so that stock prices remain high is reduced.

*Edgar v. MITE Corp.,* 457 U.S. at 642–646, 102 S.Ct. at 2641–2642 (1982). Thus, the public interest is best served by allowing the Defendant to proceed with his tender offer.

Based on the findings set forth above, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion for Preliminary Injunction be and the same is hereby DENIED.